SIRMANS & BROTHER *vs.* SIRMANS, for use.

1. Where the chancellor granted an order appointing a commissioner and authorizing the sale of certain personal property, as having been exempted by the head of the family, for the purpose of reinvestment, the law presumes that he did his duty, and that he had sufficient evidence before him to authorize the granting of the order, whether a copy of the proceedings for obtaining the homestead and exemption was attached to the petition for the sale or not; and purchasers of property under an order so granted are in no condition to object to its validity or regularity. Therefore, in a suit by the commissioner against purchasers at the sale, the order allowing the sale was admissible in evidence.

2. Where a commissioner, appointed by the chancellor to sell exempted property for the purpose of reinvestment, made sale thereof, the purchasers were bound to pay the price agreed on, and they could not set off against a suit therefor a debt due by the husband or either of the beneficiaries to them.

March 17, 1885.

Homestead. Evidence. Sales. Vendor and Purchaser. Estoppel. Set-off. Before Judge MERSHON. Clinch Superior Court. October Term, 1884.

Reported in the decision.

J. L. SWEAT, by brief, for plaintiffs in error.

No appearance for defendant.

BLANDFORD, Justice.

Victory O. Sirmans presented her petition to the chancellor, wherein she alleged that she, as head of a family, had had set apart to her, for the benefit of herself and minor children, as an exemption, two hundred head of sheep; that it was for the benefit of the beneficiaries to sell said sheep and re-invest the money in other property for their benefit; to this petition exemption papers and record of the same were not annexed. The chancellor granted the prayer of the petitioner and appointed C. M. Sirmans

commissioner to sell the property and to re-invest the proceeds for the benefit of said applicant and her minor children.    The sheep were sold, and purchased by D. J. Sirmans & Brother, for two dollars per head, there being two hundred and ten head.    The purchaser paid one hundred dollars cash, but refused to pay anything more.    C. M. Sirmans, the commissioner, brought his action against D. J. Sirmans & Brother for the balance due for the sheep. The defendants pleaded payment and set-off.    The plaintiff introduced the petition and order appointing C. M. Sirmans commissioner to sell the sheep, which had been granted by the chancellor.    To this the defendants objected, because there was not attached to the petition a copy of the record of the exemption and homestead papers granted to Victory O. Sirmans as head of a family.    The court overruled this objection, and this is the first ground of exception.

The plaintiff proved the sale and value of the sheep. The court held that the defendants could not set-off a debt due by the husband or either of the beneficiaries against what they agreed to pay the commissioner, C. M. Sirmans, for the sheep; and this is likewise excepted to; and these rulings form the main grounds of error in the motion for new trial, and all that it is necessary to consider.

1. The chancellor having granted the order appointing a commissioner and authorizing the sale of certain property as exempted and as homestead property, the law presumes that he did his duty, and whether the copy of the homestead or exemption was annexed to the petition or not, that he had sufficient evidence before him to authorize the granting of the order; and when it is shown that plaintiffs in error purchased the sheep under this order, they are in no condition to object to its validity or regularity.    So we think the court did right to overrule the objection to the introduction of the petition and order in evidence.

2. And we are equally well satisfied that the ruling of

the court was correct as to the set-off pleaded by plaintiffs in error. The property having been directed to be sold by defendant in error as commissioner, and he having sold the same to the plaintiffs in error, they must pay what they agreed to do, so that the fund may be re-invested under the order of the court.

Judgment affirmed.